UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AREMANDA FANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:20-cv-01559 |
| | ) |
| INDIANAPOLIS PUBLIC TRANSPORTATION CORPORATION, | ) ) ) |
| | ) |
| Defendant. | ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.  NATURE OF THE CASE

1. Plaintiff, Aremanda Fann ("Fann" or "Plaintiff"), by counsel, brings this action against the Defendant, Indianapolis Public Transportation Corporation ("Defendant"), alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

## II. PARTIES

2. Fann is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

## III.  JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this

litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6. Fann was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Fann satisfied her obligation to exhaust her administrative remedies having timely filed Charges of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Fann received the required Notice of her Right to Sue and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### III. **FACTUAL ALLEGATIONS**

9. Fann began working for Defendant on or about August 12, 2019, as Trainee-Driver.

10. Fann suffers from Osteoarthritis in her right knee which is a physical impairment that substantially limits her in one or more major life activities, including walking, bending and lifting.

11. Fann found that driving the buses that were provided to her during training caused swelling in her knee and exacerbated the issues with her right knee.

12. On or about October 1, 2019, Fann went to Defendant's clinic and saw a nurse practitioner, who confirmed the swelling and gave her two weeks to recover.

13. On that same date, Fann alerted her supervisor, Anthony Hurd, to the difficulty that she was having driving due to her knee. Fann met with Hurd, and his supervisor, Mark Emmons, to discuss accommodations. Initially, Emmons suggested that they could have Fann clean the buses while she recovered; however, he revoked that offer explaining that since Fann's disability was pre-existing, they did not have any responsibility to her.

14. Ultimately, Hurd and Michael Wilson informed Fann that she should resign and try to be hired back later; however, Fann declined. Instead, she attempted to engage in the interactive process to find an accommodation that would allow her to continue working.

15. Fann suggested that she could be moved to a radio dispatch position; however, Hurd informed her that they were all filled. Contrary to Defendant's position, there were open radio dispatcher positions at the time Fann was seeking an accommodation.

16. On October 10, 2019, Defendant informed Fann that she was being placed on administrative leave.

17. Fann had applied for two other positions: Specialist – Mobility Services and Assistant – Board and Government Affairs. Despite being qualified, Fann was not selected for either position.

18. On or about January 24, 2020, Fann contacted Defendant to update it regarding the status of her condition and learned that her employment had been terminated.

## IV.  CAUSE OF ACTION

19. Fann hereby incorporates by reference paragraphs one (1) through eighteen (18) of her Complaint as if the same were set forth at length herein.

20. Defendant discriminated against Fann on the basis of her disability by subjecting her to disparate treatment.

21. Defendant discriminated against Fann on the basis of her disability by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

22. Defendant's actions were intentional, willful and in reckless disregard of Fann's legally protected rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

23. Fann has suffered damages as a result of Defendant's actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Aremanda Fann, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Fann to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Fann of front pay in lieu thereof;

2. All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of the ADA;

5. Punitive damages for Defendant's violation of the ADA;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

## DEMAND FOR JURY TRIAL

Plaintiff, Aremanda Fann, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com